Miller Grate Co. v. Hay.

----

The Miller Grate Company v. William Sherman Hay, Assignee, etc., in the Matter of the Estate of John W. Ayers, Insolvent.

1. SALES—*Segregation of Goods.*—Looking at the goods, making a memorandum of them giving a description of what would be taken, is not a segregation of them sufficient to pass the title as against an assignment for the benefit of creditors.

Memorandum.—Assignment for the benefit of creditors. Intervening petition. Appeal from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 19, 1894.

The opinion states the case.

APPELLANT'S BRIEF, WAGNER & KENDIG, ATTORNEYS.

In a contract of sale the title passes, if such appears to be the intention of the parties; where the quantity was stated, the price fixed and the location specified and nothing remained to be done to put the purchaser in full possession except to pass over the warehouse receipts, the title passed

on the making of the contract.   Luthy v. Waterbury, 140 Ill. 668; Amos v. Sennot, 4 Scam. 440; Schneider v. Westerman, 25 Ill. 517; Raynolds v. McCormick, 62 Ill. 412; Stanley v. Robinson, 14 Brad. 482.

APPELLEE'S BRIEF, WILLIAM H. LEE, ATTORNEY.

It is a fundamental principle pervading everywhere the doctrine of sales of chattels, that if goods be sold while mingled with others, by number, weight or measure, the sale is incomplete, and the title continues with the seller until the bargained property be separated or identified.   The reason is that the sale can not be applied to any article until it is clearly designated, and its identity thus ascertained. Benjamin on Sales (Perkins' Ed.), Sec. 346; Scudder v. Worster, 11 Cush. 573; Haldeman v. Duncan, 51 Pa. St. 66; Golder v. Ogden, 15 Pa. St. 528.

Where specific goods to which the bargain is to attach, are not agreed on, it is clear the parties can only contemplate an executory agreement.   Benjamin on Sales, Sec. 310.

And replevin will not lie.   Low v. Freeman, 12 Ill. 467; Updike v. Henry, 14 Ill. 378; Haverstick v. Fergus, 71 Ill. 105; Stanley v. Robinson, 14 Brad. 480.

They must be put in deliverable shape or the title will not pass.   Benjamin on Sales, Sec. 318.

Where anything remains to be done under the contract, title does not pass until the contract is completed.   O'Keefe v. Kellogg, 15 Ill. 352; Frost v. Woodruff, 54 Ill. 157; Hoffman v. Culver, 7 Brad. 450.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is an appeal from a final order of the County Court dismissing the petition of the Miller Grate Company.

The record in this case discloses that on August 1, 1893, John W. Ayers made a deed of voluntary assignment for the benefit of his creditors to William Sherman Hay, and that on September 7th the Miller Grate Co., appellant, filed an intervening petition in the matter of the insolvent estate,

claiming certain goods, and asking an order on the assignee to deliver them to appellant; to this petition the assignee filed an answer denying the right of petitioner to said goods; the Chicago Trust & Savings Bank also filed an answer claiming a title to the goods by reason of an execution and levy prior to the time of the assignment. Issue being joined the matter was tried before Judge Frank Scales without a jury. Testimony was heard on behalf of the appellant only, and, upon motion of the assignee, the petition was dismissed, to which exception was taken and an appeal allowed.

Appellant claimed to have purchased of, and had set apart certain goods by the insolvent.

It must be presumed, the general finding being for the assignee, that the County Court found that there was no such segregation of the goods bargained for, as passed the title thereto.

We have examined the testimony as to this matter, and we do not find evidence of any such setting apart of these goods, placing them so that it could be clearly seen that they were by themselves, not a part of a mass, as would justify a reversal of the order made in this case. Looking at the goods, making a memorandum of them, giving a description of what would be taken, would not be sufficient. Benjamin on Sales, Sec. 346.

The order of the County Court is affirmed.